UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABREEKA INTERNATIONAL, INC. and <br> INVESTORS BANK & TRUST, as Trustee of <br> FABREEKA INTERNTIONAL, INC. <br> PENSION PLAN <br> Plaintiffs <br><br> vs. <br><br> PHILIP L. WILLIAMS <br> Defendant | 04  12296 RWZ |

**COMPLAINT FOR DECLARATORY RELIEF**

**PARTIES**

1. The plaintiff, Fabreeka International, Inc. ("Fabreeka"), is a Massachusetts corporation with a principal place of business in Stoughton, Norfolk County, Massachusetts.

2. Investors Bank & Trust, as trustee, brings this action on behalf of the Plaintiff, Fabreeka International, Inc. Pension Plan ("Plan"), a qualified pension plan under Section 401(a) of the Internal Revenue Code of 1986. The purpose of the Plan is to provide retirement income benefits for eligible employees of Fabreeka. The Plan pays these benefits in accordance with the Employee Retirement Income Security Act of 1974.

3. The defendant, Philip L. Williams ("Williams"), is an individual and resides at 720 Selva Lake Circle, Atlantic Beach, Florida. Williams worked for Fabreeka for over twenty-three years, retiring from Fabreeka effective January 1, 1998. Williams is a participant in the Plan in that he receives retirement benefits from the Plan.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action involves a federal question regarding the payment of retirement benefits governed by the Employee Retirement Income Security Act of 1974.

5. This Court has personal jurisdiction over Williams in that he was employed by Fabreeka, a Massachusetts corporation, for over twenty-three years. Williams transacted business in Massachusetts. Williams was a salesman for Fabreeka, was in routine contact with Fabreeka employees in Massachusetts and also attended meetings at Fabreeka in Massachusetts. Plaintiffs' claims arise from Williams' transacting business in Massachusetts. Williams also has sufficient minimum contacts with Massachusetts.

## VENUE

6. Venue is appropriate in this Judicial District pursuant to 28 U.S.C. § 1391 in that Williams is subject to personal jurisdiction in this Judicial District and substantial events giving rise to the Plaintiffs' claims occurred in this Judicial District.

## FACTS

7. Williams was employed by Fabreeka from November 1, 1974 through December 31, 1997, at which time he retired.

8. Upon his retirement, Williams began receiving monthly pension benefits through the Plan at a rate of $2,843.48 per month. Williams received pension benefits at this rate for a period of 81 months (January 1, 1998 through September 1, 2004).

9. In or about September 2004, a routine audit was performed by the Plan. At that time, it was discovered that Williams was actually only entitled to receive pension benefits at a rate of $2,320.93 per month and that an accounting error had resulted in excess distributions to Williams at a rate of $522.55 per month.

10. The audit concluded that for the 81-month period, Williams had been overpaid pension benefits in the amount of $42,326.55.

11. Prior to the audit, the Plaintiffs had no knowledge that Williams was being overpaid pension benefits.

12. Williams was notified of the findings of the audit and does not contend that the terms of the Plan regarding the payment of his pension benefits are ambiguous or that he is otherwise entitled to keep the benefits that were paid to him by mistake.

13. Plaintiffs never made any representation to Williams that would constitute an informal interpretation of any terms of the Plan.

## COUNT I – DECLARATORY RELIEF

14. Plaintiffs restate and reallege paragraphs 1 through 13 as set forth above.

15. An actual controversy exists between the parties in this jurisdiction pursuant to 28 U.S.C. § 2201.

16. Plaintiffs therefore request that the Court declare the following rights and obligations of the parties in connection with this matter:

    a. The Plan is entitled to reduce Williams' future pension benefits to $2,320.93 per month, which sum reflects the actual amount of benefits that Williams is entitled to receive under the Plan.

    b. Reducing Williams' pension benefits to $2,320.93 per month, the amount to which he is actually entitled to receive under the Plan, does not amount to an unlawful forfeiture under the Employee Retirement Income Security Act of 1974.

    c. Reducing Williams' pension benefits to $2,320.93, the amount to which he is actually entitled to receive under the Plan, does not violate any other provisions of

    the Employee Retirement Income Security Act of 1974 or any other Federal or State laws.

  d. The Plan is entitled to withhold future pension benefits from Williams until such time as it has recouped the $42,326.55 overpaid to Williams from January 1, 1998 through September 1, 2004.

  e. Withholding future pension benefits from Williams for purposes of recouping the $42,326.55 overpaid to Williams does not amount to an unlawful forfeiture under the Employee Retirement Income Security Act of 1974.

  f. Withholding future pension benefits from Williams for purposes of recouping the $42,326.55 overpaid to Williams does not violate any other provisions of the Employee Retirement Income Security Act of 1974 or any other Federal or State laws.

  g. The Employee Retirement Income and Security Act of 1974 preempts any state law claims that Williams may assert against either the Plan or Fabreeka in connection with the payment of Williams' pension benefits.

  h. Williams has no viable claims under the Employee Retirement Income Security Act of 1974 in connection with the payment of Williams' pension benefits.

WHEREFORE, the plaintiffs, Fabreeka International, Inc. and Investors Bank & Trust, as trustee for the Fabreeka International, Inc. Pension Plan, requests this Court enter an ORDER:

1. Declaring and adjudging that the Plan is entitled to reduce Williams' future pension benefits to $2,320.93 per month, which sum reflects the actual amount of benefits that Williams is entitled to receive under the Plan.

2. Declaring and adjudging that reducing Williams' pension benefits to $2,320.93 per month, the amount to which he is actually entitled to receive under the Plan, does not amount to an unlawful forfeiture under the Employee Retirement Income Security Act of 1974.

3. Declaring and adjudging that reducing Williams' pension benefits to $2,320.93, the amount to which he is actually entitled to receive under the Plan, does not violate any other provisions of the Employee Retirement Income Security Act of 1974 or any other Federal or State laws.

4. Declaring and adjudging that the Plan is entitled to withhold future pension benefits from Williams until such time as it has recouped the $42,326.55 overpaid to Williams from January 1, 1998 through September 1, 2004.

5. Declaring and adjudging that withholding future pension benefits from Williams for purposes of recouping the $42,326.55 overpaid to Williams does not amount to an unlawful forfeiture under the Employee Retirement Income Security Act of 1974.

6. Declaring and adjudging that withholding future pension benefits from Williams for purposes of recouping the $42,326.55 overpaid to Williams does not violate any other provisions of the Employee Retirement Income Security Act of 1974 or any other Federal or State laws.

7. Declaring and adjudging that the Employee Retirement Income Security Act of 1974 preempts any state law claims that Williams may assert against either the Plan or Fabreeka in connection with the payment of Williams' pension benefits.

8. Declaring and adjudging that Williams has no viable claims under the Employee Retirement Income Security Act of 1974 in connection with the payment of Williams' pension benefits.

FABREEKA INTERNATIONAL, INC. and
INVESTORS BANK & TRUST, as Trustee of
FABREEKA INTERNATIONAL, INC.
PENSION PLAN
By their attorneys,

*Carlotta McCarthy Patten*
Anthony M. Metaxas (BBO #344040)
Carlotta McCarthy Patten (BBO #641035)
METAXAS, NORMAN & PIDGEON, LLP
900 Cummings Center, Suite 207T
Beverly, MA 01915
978-927-8000

Dated: October 28, 2004

G:\Fabreeka International, Inc\Williams, Philip\Documents\Complaint 10-27-04.doc